# United States District Court
# Central District of California

| | |
|---|---|
| ERIC HODONSKY,<br><br>             Plaintiff,<br><br>             v.<br><br>ALLSTATE INSURANCE COMPANY;<br>ALLSTATE INSURANCE COMPANY<br>OF CALIFORNIA; ALLSTATE<br>NORTHBROOK INDEMNITY<br>COMPANY,<br><br>             Defendants. | Case No. 2:19-cv-01049-ODW (GJSx)<br><br>**ORDER DENYING AS MOOT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [13] AND *SUA SPONTE* REMANDING TO STATE COURT** |

## I.    INTRODUCTION

Plaintiff, Eric Hodonsky brings this action against Allstate Insurance Company, Allstate Insurance Company of California, and Northbrook Indemnity Company for failing to insure his automobile collision claim. (*See* Notice of Removal Ex. 1 ("Compl."), ECF No. 1-1.) Defendants asserts that Hodonsky's collision occurred the day before he purchased automobile insurance, and therefore, Defendants owe no contractual obligation to pay for the collision damages.

Pending before the Court is Defendants' Motion for Summary Judgment ("Motion"). (Mot., ECF No. 13.) For the following reasons, the Court **DENIES** Defendants' Motion and *sua sponte* **REMANDS** the matter.[1]

## II. BACKGROUND

### A. Hodonsky's Experience with Allstate

On November 4, 2017, Hodonsky visited Defendants' website and began an application for an auto insurance policy. (Def.s' Statement of Uncontroverted Facts ("DSUF") ¶ 1, ECF No. 13-2.) Parties dispute whether he completed the application and paid for a policy.

On November 5, 2017, Hodonsky was involved in an automobile accident with two motorcyclists and later found at fault. (DSUF ¶ 4.) At the scene of the accident, Hodonsky called Defendants' toll-free number and a representative advised him that his insurance payment was incomplete. (PODSUF ¶ 6.) The day after the accident Hodonsky called Defendants' sales agent Paul Park. (DSUF ¶ 5.) Park assisted Hodonsky in completing the application and processing the premium payment required to activate coverage. (DSUF ¶ 7.) Per Defendants' records, Hodonsky had active auto insurance beginning at 9:30am on November 6. (DSUF ¶ 8.) Hodonsky's bank statements also confirm that the first payment made to Defendants was on November 6, 2017 at 9:30am. (DSUF ¶ 18.)

Hodonsky then provided the motorcyclists with this insurance information who in turn provided it to their insurance carriers. (DSUF ¶¶ 9–10.) After receiving notice of the accident, Defendants opened a claim but discovered, on November 9, that Hodonsky's policy went into effect the day after the accident. (DSUF ¶ 11.) Defendants conducted their own investigation and ultimately determined that they could not provide coverage for the accident. (DSUF ¶¶ 12–15.)

---

[1] After considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## B. Hodonsky's Complaint

On August 16, 2018, Hodonsky filed the present lawsuit in California state court asserting seven claims for relief: (1) breach of insurance contract and/or implied-in-fact insurance contract; (2) breach of covenant of good faith and fair dealing; (3) concealment; (4) intentional infliction of emotional distress; (5) negligent infliction of emotional distress; (6) negligence; and (7) negligence per se. (*See* Compl.) On November 16, 2018, the state court dismissed Hodonsky's fourth, fifth, sixth, and seventh claim with leave to amend. (Mot. 6; DSUF ¶ 22; Feldman Decl. Ex. 15, ECF No. 13-9.) Hodonsky did not amend his original complaint. (Mot. 6; DSUF ¶ 22.)

Defendants subsequently removed the remaining claims on February 12, 2019 on the basis of diversity jurisdiction and now moves for summary judgment. (Mot. 2.)

## III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). But courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at 566).

Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332. A defendant may remove a case from a state court to a federal court pursuant to the federal removal statute, 28 U.S.C. § 1441, on the basis of federal question or diversity

jurisdiction. To exercise diversity jurisdiction, a federal court must find complete diversity of citizenship among the adverse parties, and the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

## IV. DISCUSSION

Here, complete diversity is lacking among the Parties, and therefore, the Court lacks subject matter jurisdiction. Consequently, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447 (c). "[Rule] 12(h)(3) provides that a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

Concerning the Parties citizenship, Hodonsky is a citizen of California. (Compl. ¶ 1.) Allstate Insurance Company and Northbrook Indemnity Company are citizens of Illinois. (Notice of Removal ¶¶ 8–9, ECF No. 1.) However, Allstate Insurance Company of California is also a citizen of California. (Notice of Removal ¶ 10.)

While Defendants assert that Allstate Insurance Company of California is a sham defendant in their notice of removal, Defendants failed to file a motion to dismiss the party. Notably, in their motion for summary judgment, they specifically stated that all arguments applied equally to the three Defendants. (Mot. 1 n.1.) This affirms that Allstate Insurance Company of California, the non-diverse party, is still a party in the matter. Therefore, the Court lacks jurisdiction. Accordingly, the Court **REMANDS** the matter to state court.

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES as moot** Defendants' Motion for Summary Judgment and **REMANDS** the matter. (ECF No. 13.) This action shall be remanded to the Los Angeles County Superior Court, 600 E Broadway, Glendale, CA 91206. The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

March 19, 2020

_____

**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**